JOHN PATTEN *versus* WILLIAM T. PEARSON.

In an action by the indorsee against the indorser of a negotiable promissory note, indorsed in blank, the latter may prove, by parol, that he indorsed the note for the accommodation of the former.

ON EXCEPTIONS.

ASSUMPSIT FOR MONEY HAD AND RECEIVED, to recover a balance due on a note for $2215, dated Oct. 15, 1858, signed by one Augustus W. Pratt, made payable to the order of the defendant and by him indorsed in blank.

The presiding Judge instructed the jury that the evidence introduced by the plaintiff was sufficient to establish a *prima facie* right in him to recover, demand and notice not being denied; and that there was nothing in the evidence of the defendant, assuming it to be true and admissible, which limits or controls the effect of the defendant's indorsement. That the indorsement being without any written qualification on the note, parol testimony cannot change, limit or control it.

The verdict was for the plaintiff, and the defendant alleged exceptions.

The remaining facts sufficiently appear in the opinion.

*Rowe*, for the defendant, cited Byles on Bills, *63; *Easton* v. *Pratchett*, 1 Crompton, M. & R. 798; 1 Parsons on Bills, 176, 7, 8; 191–3; *Brock* v. *Thompson*, 1 Bar., 322; *Herrick* v. *Carman*, 10 Johns., 224; Chitty on Bills, *69, *70.

*J. A. Peters*, for the plaintiff, cited, *Hancock* v. *Fairfield*, 30 Maine, 299; *Goodwin* v. *Davenport*, 47 Maine, 112; *Thayer* v. *Mowry*, 36 Maine, 287. Counsel contended that *Smith* v. *Morrill*, 54 Maine, 48, is not an authority against the plaintiff, because the precise question therein decided is, that a prior indorser can maintain an action for contribution against a subsequent indorser, on proving an oral agreement between the indorsers at the time of indors-

ing, that, as between themselves, they were co-sureties. It is principally founded on *Weston* v. *Chamberlaine*, 7 Cush., 404, and *Clapp* v. *Rice*, 13 Gray, 403, the effect of which cases is that evidence such as is claimed to be admissible in case at bar is not so. , The opinion in *Smith* v. *Morrill* accepts the decision in the Massachusets cases, but combats the grounds of them. If the grounds are wrong, the decisions must be wrong.

The conclusion in *Smith* v. *Morrill* is correct, and, upon the authorities, not adverse to the plaintiff here. The cases upon which it is based are not adverse but favorable to the plaintiff. Some of the reasoning of the Court in *Smith* v. *Morrill* is adverse to the plaintiff, and that reasoning is in direct conflict with *Shaw* v. *Shaw*, 50 Maine, 94; *Goodwin* v. *Davenport*, 47 Maine, 112, not alluded to in *Smith* v. *Morrill*. Counsel also cited *Lake* v. *Stetson*, 13 Gray, 310, and *Howe* v. *Morrill*, 5 Cush., 80, 82, as to varying legal effect of a legal instrument by parol.

CUTTING, J. — The only claim set forth in the writ is in assumpsit for money had and received, under which the plaintiff claims a balance due on a note payable to the order of the defendant and by him indorsed.

The defence, except as to the question of damages, is substantially disclosed in the defendant's testimony ruled in *de bene esse* and subsequently excluded. He swore as follows : —

"That in the fall of 1858, I owed Bragg & Patten $2092,19, for two bills of lumber sold me. I sold the same lumber to Upton & Co. of Boston, who subsequently failed, owing me about $12,000. I went to Boston and spent ten or twelve days endeavoring to get security of Upton & Co., for my claim against them. When I came home Bragg came to see me. I told him what I had done, that I had got this and some other securities, — that I considered this the best of them, — that parties there said it was good, — that I had no means of paying his firm unless they took some of these

Patten *v.* Pearson.

securities. I told him I would turn out this note and mortgage for my indebtedness to them if they would take it in settlement. He then asked me to go to their office to see if they could arrange it. I went, carrying the mortgage and note with me, and then proposed to turn out to them the note and mortgage in payment of my debt if they would pay me difference. The plaintiff said the note and mortgage had a long time to run and that I ought to throw in the excess in the amount of the note over my debt. After further talk I consented that they should take the note and mortgage if they would give me a full release and discharge. And it was fully agreed that that should be in full and final settlement of my debt to them. I then handed them the note and mortgage, and the plaintiff receipted Bragg & Patten's bills against me and handed them to me. [Bills duly receipted were here put into the case.] Afterwards the plaintiff said the note is payable to your order, you want to indorse it to make it negotiable, and so that we can collect it in our own name. I thereupon indorsed it to accommodate them, not to be holden. I never intended to indorse to be holden."

*On Cross examination.*—"I did not indorse until after the papers were exchanged. It might have been a half an hour or less."

*Now*, the plaintiff substantially denies the defendant's statement, and swears that the agreement to indorse was a part of the negotiation and that the same was made before the papers were delivered.

Upon such conflicting evidence, if admissible, an issue was presented to the jury, or might have been, if it had not subsequently been, by the ruling, withdrawn from their consideration. Why should it have been so withdrawn?

This is the question now presented. If the plaintiff's testimony, upon this point, preponderated, he was entitled to a verdict for something; otherwise, if the most credit was given to the statement of the defendant. That statement was admissible unless its admission tended to vitiate

some well and long established rule of mercantile law.    But no such rule is known to exist.    On the contrary, it is well settled, by all the authorities upon this subject, that the indorsement was for the accommodation of the holder and plaintiff in the suit may be shown on trial.    See *Smith* v. *Morrill*, 54 Maine, 48.

> *Exceptions sustained.*—*New trial granted.*

WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.